UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENNELL BROWN,**     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3101** |
| **BP EXPLORATION & PRODUCTION INC., ET AL.,**     Defendants | **SECTION: "E" (4)** |

## ORDER AND REASONS

The instant action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[1]

Before the Court is a motion for summary judgment filed by BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. (collectively "Defendants")[2] against Rennell Brown ("Plaintiff"). The motion was filed on October 11, 2022.[3] Plaintiff's opposition to the motion was due on October 18, 2022.[4] As of the date of this Order and Reasons, no opposition to the instant motion has been filed, and Plaintiff has not moved for an extension of his deadline to file an opposition brief. Defendants' motion for summary judgment is, therefore,

---

[1] *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.).
[2] R. Doc. 57. Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. joined in the motion for summary judgment filed by BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. *Id.* at p. 1 n.1.
[3] *Id.*
[4] R. Doc. 57-4.

1

unopposed. Although this dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Defendants have shown they are entitled to judgment as a matter of law.[5]

## UNDISPUTED FACTS

Because the instant motion is unopposed, the Court considers Defendants' statement of uncontested facts to be admitted pursuant to Local Rule 56.2. Plaintiff alleges he was exposed to toxic chemicals beginning on or about April 20, 2010, while performing *Deepwater Horizon* clean-up work in Moss Point and Biloxi, Mississippi.[6] Plaintiff purportedly opted out of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement.[7] Plaintiff filed this lawsuit in 2017 claiming toxic exposure on account of his clean-up work activity, which he alleges caused him to develop numerous medical conditions.[8] Plaintiff's expert report deadline was September 23, 2022.[9] Plaintiff produced no expert reports or testimony connecting his conditions with the *Deepwater Horizon* oil spill response by the September 23, 2022 deadline.[10] Plaintiff made no expert disclosures under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure by the September 23, 2022 deadline either.[11]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[5] *See, e.g.*, Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[6] R. Doc. 57-3 at ¶ 1.
[7] *Id.* at ¶ 2.
[8] *Id.* at ¶ 3.
[9] *Id.* at ¶ 4.
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 6.

of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the non-moving party.[15] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[16] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[17]

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[18]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[19] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential

---

[12] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[13] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[17] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[18] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).
[19] *Celotex*, 477 U.S. at 323.

3

element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[20] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[21]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[22] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[23] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[24] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose

---

[20] *Id.* at 331.
[21] *Id.* at 322–24.
[22] *Id.* at 331–32 (Brennan, J., dissenting).
[23] *See id.* at 332.
[24] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

4

upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[25] Summary judgment is not automatic merely because the motion is unopposed—the Court must determine whether the moving party has shown they are entitled to judgment as a matter of law.[26]

## LAW AND ANALYSIS

I. **Plaintiff has failed to present a genuine issue of material fact with respect to his claims of injuries caused by exposure to oil and dispersants because Plaintiff lacks expert testimony.**

"B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."[27] Once a plaintiff's diagnoses have been confirmed, the plaintiff has the burden of establishing general causation and specific causation. "'First, the district court must determine whether there is general causation. Second, if it concludes . . . there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence.'"[28] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[29] With respect to general causation, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain

---

[25] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[26] *See, e.g.*, Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[27] R. Doc. 44-3 at p. 2; *see also In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.); *accord Perkins v. BP Expl. & Prod.., Inc.*, No. 17-4467, 2022 WL 972276, at *2 (E.D. La. March 31, 2022).
[28] *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)).
[29] *Id.*

5

the plaintiff's burden in a toxic tort case."[30]

The United States Court of Appeals for the Fifth Circuit has held expert testimony is required to establish general causation in toxic tort cases.[31] In *Seaman v. Seacor Marine LLC*, a vessel captain sued his former employer alleging his exposure to a host of toxic chemicals on the job caused him to develop bladder cancer.[32] After excluding the vessel captain's general causation expert testimony on a *Daubert* challenge,[33] the district court granted summary judgment.[34] The district court reasoned, since there was no expert testimony demonstrating the exposure the vessel captain alleged could cause his complained-of symptoms to manifest in the general population, there was no genuine issue of material fact.[35] On appeal, the Fifth Circuit affirmed the district court's ruling, holding that "admissible expert evidence is [required in] toxic tort case[s]" given their complexity.[36] Put in the context of B3 cleanup worker claims, in *Harrison v. BP Exploration & Production, Inc., et al.*, this Court previously applied the *Seaman* rule, thereby requiring a B3 toxic tort plaintiff to produce admissible expert testimony to establish general causation.[37]

Whether expert testimony is needed to establish specific causation in B3 cleanup cases is a thornier issue. Recently, Judge Barbier in *Stephens v. BP Exploration & Production, Inc., et al.*, relying on *Guidry v. Dow Chemical Company*[38] and *Gowdy v.*

---

[30] *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996).
[31] *Seaman*, 326 F. App'x at 722; *see also Stephens v. BP Expl. & Prod.*, No. 17-4294, 2022, WL 1642136 * 2-3 (E.D. La. June 24, 2022).
[32] 326 F. App'x at 722.
[33] *Id.* at 726.
[34]  *Id.* at 729.
[35] *Id.*
[36] *Id.*
[37] *Harrison v. BP Expl. & Prod.*, et al., No. 17-4346 (E.D. La. July 1, 2022).
[38] No. 19-12233, 2021 WL 4460505 (E.D. La. Sept. 29, 2021).

*Marine Spill Response Corporation*,[39] decided in a similar B3 cleanup worker case that a general causation expert report in conjunction with specific evidence of a plaintiff's exposure was sufficient to permit a jury to conclude exposure to toxins in the oil and dispersants more likely than not caused a plaintiff's medical conditions—but only when the medical conditions were within the layperson's common knowledge.[40] As such, under Judge Barbier's analysis, to determine whether a plaintiff must produce expert testimony to establish specific causation, district courts are tasked with conducting a fact-intensive analysis of whether complained-of symptoms fall within the common knowledge of a juror.

Applying *Seaman*, *Harrison*, and *Stephens* to the case before this Court, *even if* expert testimony is not required to establish specific causation because the injuries Plaintiff alleges fall within the common knowledge of a juror and there is specific evidence of Plaintiff's exposure,[41] Plaintiff still has failed to produce expert testimony establishing general causation, which is required by the Fifth Circuit in toxic tort cases.[42] Plaintiff has not disclosed the name of any expert from which he intends to elicit an opinion on general causation—much less provided an expert report. Again, the deadline to produce an expert report was September 23, 2022.[43]

In sum, Plaintiff has produced no expert testimony to establish general causation, a requirement set by the Fifth Circuit in toxic tort cases. Without expert testimony on general causation, Plaintiff has failed to present a genuine issue of material fact with respect to his claims of injuries allegedly caused by his exposure to toxins in oil and

---

[39] 925 F.3d 200, 206 (5th Cir. 2019).
[40] *Stephens v. BP Expl. & Prod.*, No. 17-4294, 2022, WL 1642136 * 2-3 (E.D. La. June 24, 2022).
[41] The Court is expressly not deciding this issue.
[42] *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009); *see also Stephens*, WL 1642136 at **2-3; *Harrison*, No. 17-4346.
[43] R. Doc. 32 at p. 8.

dispersants as a *Deepwater Horizon* cleanup worker. Accordingly, Defendants' motion for summary judgment should be granted.

## CONCLUSION

**IT IS ORDERED** that the motion for summary judgment[44] is **GRANTED**. Judgment is granted in favor of Defendants BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. and against Plaintiff Rennell Brown on all claims.

**New Orleans, Louisiana, this 18th day of November, 2022.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 57.